ELLIS, MILBANK & Co., Transferees, *v.* FISHER, BURGESS & Co.,—STONE Surety.

A surety on an appeal bond, can plead to a rule against him, that the judgment against his principal, has been extinguished by compensation, by mere operation of law; based on the fact that defendants had recovered a judgment against plaintiff.

The debtor of an individual can, when sued by his creditor, plead in compensation a debt due to him, the defendant, by the commercial firm, of which the plaintiff is a member.

As a general rule, that which could have been pleaded to an original suit cannot be a ground for an injunction ; but where E. and F., B. & Co. had each instituted suit against the other, on their respective demands, both suits being contested, *Held :* that F. B. & Co. could not, during the pendency of the suit, consistently plead in compensation their demand, although liquidated by a note; but when their respective claims became liquidated by judgments, compensation took place, by operation of law.

Where two parties have judgments against each other, they are bound to compensate, and the execution in either case may be enjoined.

APPEAL from the Fourth District Court of New Orleans, *Strawbridge,* J. *Hunton & Bradford,* for plaintiffs. *Rozier,* for defendant and appellants.

PRESTON, J.* On the 29th of January, 1850, the plaintiff recovered a judg-

---

* Opinion delivered on Nov. 17th, 1851. The following decision was read, but not filed, the Court desiring further argument on the validity of the assignment, and as to the admissibility of *Wheeler* as a witness for defendant on rule.

Arguments were submitted by the counsel on the validity of the assignment to *Milbank & Co.,* and as to the admissibility of *Wheeler* as a witness.

The case remained under advisement until the     day of     185 , on which day the Court read

ment against the defendants for $624 99, with costs. They appealed, on giving *Caleb Stone* as their surety, and the judgment was affirmed by this Court.

On the 11th of February, 1850, the plaintiff purports to have transferred the judgment of *R. W. Milbank & Co.*, who issued execution. The execution having been returned unsatisfied, they took a rule on *Stone*, the surety on the appeal bond, to show cause why judgment should not be rendered against him. He and *Fisher, Burgess & Co.* appeared, and made various defences to the rule, of which it is unnecessary to notice but one. They alleged that the debt or judgment had been extinguished by compensation.

They showed that on the 17th of May, 1850, *Fisher, Burgess & Co.* obtained judgment against *Wheeler & Ellis, in solido*, the present plaintiff, *William H. Ellis*, being the partner, on a note in favor of *King & Fisher*, dated the 9th of July, 1845, for $459, with six per cent interest from date, the principal and interest being sufficient to extinguish the plaintiffs' demand or judgment in this suit.

The plaintiffs' claim was liquidated by judgment, on the 29th January, 1850. But the transfer of it to *R. W. Milbank & Co.* was not notified to the defendants until the 4th of June, 1850, at which time, as we have seen, the defendants' claim had been prosecuted to judgment. Compensation between their respective claims thus liquidated by judgment took place by operation of law. C. C. Art. 2203, 2204.

A judgment is now sought against the surety of *Fisher, Burgess & Co.* on their appeal bond. He pleads that nothing is due by his principal and shows it by judgment. Judgment cannot be rendered against him unless he is forbidden by law to make the showing.

It is urged that he cannot plead compensation to a rule against him as surety on an appeal bond. On the contrary the first and leading defence to a rule against the surety on an appeal bond, is that the judgment has been satisfied, that is, extinguished.

That the plaintiff may proceed in a summary manner by rule against the surety is no reason why the defence of compensation, which is equally summary, may not be made. ‚An unliquidated claim might be rejected as a defence to the rule, but not one liquidated at the time the plaintiffs' judgment was obtained, and now rendered indisputable by judgment. There is no reason for apprehending with the District Court, that the admission of such an equitable and indeed strictly legal defence on behalf of the surety on an appeal bond, will confuse or embarrass the practice of our Courts, or unreasonably retard plaintiffs in the prosecution of their rights.

The proceeding by rule was the remedy sought by the plaintiff himself. He cannot deprive the defendant of any lawful defense, in the proceeding he has chosen himself. Such a result would be absurd. If he wished a trial by jury, we see no reason why he might not have instituted an ordinary suit on the appeal bond, although neither party could have a jury for the trial of the case by rule.

The claim of *Fisher, Burgess & Co.* was against a firm of *Wheeler & Ellis* ;

---

the preceding opinion of Chief Justice *Slidell*, and delivered their further opinion on the question of the validity of the assignment, and on the admissibility of *Wheeler* as a witness. A note in the handwriting of Chief Justice *Slidell* precedes the opinion in the following words : The opinion up to this point, to the best of my recollection was concurred in by Chief Justice *Eustis*, and Justices *Rost* and *Dunbar*, and was read, but not filed, the Court desiring further argument on the question of the validity of the assignment.

*Ellis* alone has the claim against them. The District Court thought the two debts not compensable on the ground that partnership are not compensable against individual debts. The principle is not applicable. A debt of *Ellis* is not opposed to a claim of *Wheeler* and *Ellis*, but a claim against him to a claim by him.

This point was so fully examined in the case of *Bliss* against *Patrich*, 6 An. Rep., and the reasons given for allowing compensation in a case similar to the present so conclusive to our minds, that we deem it necessary only to refer to the opinion in that case in support of the compensation plead in this case.

Another objection to the compensation is, that it appears by the record in the suit of *Fisher*, *Burgess & Co.* against *Wheeler & Ellis*, that although the judgment was rendered in their favor, yet this suit was prosecuted for the benefit of *Fisher & King*. They are partners in the firm of *Fisher*, *Burgess & Co.*, and no doubt the firm was formed by taking *Burgess* into the old concern and probably the debt became an asset of the new firm. Be that as it may, *Fisher & King*, as members of the new firm, are content that a judgment in favor of the firm, though on a note in their favor, should be extinguished by a judgment against the firm. It cannot be doubted that payment by *Ellis*, to the firm, (who are plaintiffs in the case) would extinguish the judgment. Compensation is a mode of payment or of extinguishing an obligation. *King & Fisher* could never hereafter object that their debt was not extinguished, since they not only authorized their new firm to collect it in their own name, but also as members of the firm plead it in compensation of the plaintiff's judgment. Code 2841.

It is correctly stated by the District Court, to be the settled jurisprudence of the State, that what could have been pleaded to the original suit cannot be a ground for an injunction, and therefore, should not be admitted as a defence to a rule on an appeal bond. That is true as a general rule, but as the defendants disputed the claim of the plaintiff in toto, they could not reasonably be expected to set up their claim, though liquidated at that time by note, in compensation. So also as *Ellis* disputed their claim entirely, he might reasonably decline opposing his, in compensation. But when their respective claims were established and liquidated by judgments, their compensation took place by operation of law.

And under such circumstances, if either party refused to compensate, but took out execution we are inclined to think, it might be enjoined. It would be an absurd spectacle to see two parties, who had acted in good faith until their rights were settled by judgments, afterwards harassing each other by execution when neither were indebted to the other, and a reproach to our laws if it could not be prevented by a legal remedy.

The judgment of the District Court is reversed, and the rule against *Caleb Stone*, surety on the appeal bond, dismissed with costs in both Courts.