Amanda Cook

v.

William H. King et al.

| 7 | 549 |
| 79 | 126 |

1. Bond for Appeal—Construction of.—A bond given on appeal to an appellate court is to be regarded as a mere security for the payment of the judgment, and whatever discharges the judgment discharges also the liability of the obligors on the bond.

2. Failure to prosecute appeal—Damages on bond—Discharge of judgment.—Appellant sued for the amount of the judgment and costs expressed in an appeal bond to the Appellate Court, alleging a breach of the bond by reason of a failure to prosecute the appeal. No damages were assessed in Appellate Court upon dismissal of the appeal; the costs of appeal had been paid, and appellees pleaded that the judgment had been reversed in another proceeding. Held, a complete defense to all except nominal damages. Held, further, that this suit having been commenced before the reversal of such judgment, appellant was entitled to nominal damages, and no more.

Error to the Superior Court of Cook county; the Hon. Joseph E. Gary, Judge, presiding. Opinion filed December 13, 1880.

Messrs. McCagg, Culver & Butler, for plaintiff in error; that a plea of *puis darrein continuance* operates as a waiver of all previous pleas, and this, with plaintiff's declaration, demurrer, the appeal bond, and the various orders and judgment of the court, constitute the record in this case, cited Good v. Davis, Hempst. 16; Kimball v. Huntington, 10 Wend. 675; Yeaton v. Lynn, 5 Pet. 224; Wallace v. McConnell, 13 Pet. 136; Spafford v. Woodruff, 2 McLean, 191; Scott v. Brokaw, 6 Blackf. 241; Sadler v. Fisher's Adm'r, 3 Ala. 200.

And if such plea be decided bad in form or substance, the plaintiff may have judgment in chief: Spafford v. Woodruff, 2 McLean, 191; Ross v. Nesbitt, 2 Gilm. 252; Remner v. Marshall, 1 Wheat. 215; Vicary v. Moore, 2 Watts, 451; Cockaine v. Witnam, 1 Cro. Eliz. 49; 1 Chitty's Pl. 659.

Where matters of error appear on the face of the record, a

formal bill of exceptions is not necessary: Kitchell v. Burgwin, 21 Ill. 40; Hawk v. McCullough, 21 Ill. 223; Hamlin v. Reynolds, 22 Ill. 207; Mix v. Nettleton, 29 Ill. 245; Chase v. De-Wolf, 69 Ill. 47.

A plea *puis darrein continuance* was not amendable at common law: Moore v. Hawkins, Yelv. 181; Sharpe v. Witham, Mc. & Younge, 350.

It is error to allow a useless amendment to a plea: Walker v. Bank of North America, 2 Bradwell, 304.

Where matter of defense has arisen after the commencement of the suit, a plea *puis darrein continuance* cannot be in bar of the action generally, but should be to the further maintenance, etc.: 1 Chitty's Pl. 657; Rowell v. Hayden, 40 Me. 582; Yeaton v. Lynn, 5 Pet. 223; Kenyon v. Sutherland, 3 Gilm. 99.

Averment that the appeal was dismissed is equivalent to an averment that the judgment was affirmed: McConnell v. Swailes, 2 Scam. 571; Sutherland v. Phelps, 22 Ill. 91.

Plaintiff need not prove actual damage in this action: In the matter of Negus, 7 Wend. 499; Gage v. Lewis, 68 Ill. 604; Stratton v. Henderson, 26 Ill. 68.

The affirmance of judgment by dismissal of the appeal was final, and no subsequent action could be had thereon: Spinetti v. Brignardello, 5 Pac. Coast Law Jour. 329; Karth v. Light, 15 Cal. 324; Chamberlain v. Reed, 16 Cal. 207; Rowland v. Kreyenhagen, 24 Cal. 52; Chase v. Berand, 29 Cal. 138.

It is a rule in pleading that a fact asserted on one side and not denied by the other, is admitted: Simmons v. Jenkins, 76 Ill. 479; Dana v. Bryant, 1 Gilm. 104; The People v. Gray, 72 Ill. 343.

Pleadings are taken most strongly against the pleader: Evans v. School Com'r, 1 Gilm. 654; Vining v. Leeman, 45 Ill. 246; Claycomb v. Munger, 51 Ill. 373; Leman v. Stevenson, 36 Ill. 49.

Messrs. MERRIAM & WHIPPLE, for defendants in error; as to the right to file a plea *puis darrein continuance* in bar at any time before judgment, cited Coles v. County of Madison, Breese, 154; Robinson v. Burkell, 2 Scam. 278; Haliman v. Buckmaster, 3 Gilm. 498.

Cook v. King.

Such a plea may be amended: Graham's Pr. 298; Jackson v. Peer, 4 Cow. 418; Powell v. Haydon, 40 Me. 282.

An appeal bond is a penal bond, and nothing is recoverable thereon but the damages caused by the breaches assigned: Rev. Stat. Chap. 110, § 21; Fournier v. Faggott, 3 Scam. 347; Freeman v. The People, 54 Ill. 153.

Only nominal damages are recoverable unless actual damages are proved: Young v. Mason, 3 Gilm. 55; Sharp v. Bedell, 5 Gilm. 88; Hobart v. Hilliard, 11 Pick. 143; Murphy v. Summerville, 2 Gilm. 360; O'Connor v. Mullen, 11 Ill. 116.

The covenantee has not, and never had, the right to collect the judgment mentioned, and how then can she be damaged by a failure to pay it: Dehler v. Held, 50 Ill. 491; Silsbe v. Lucas, 53 Ill. 479; Lyon v. Culbertson, 83 Ill. 33; Sedgwick on Damages, 487.

The effect of a reversal is to restore the defendant to all he may have lost by the erroneous judgment: 2 Tidd's Pr. 1179; Camp v. Morgan, 21 Ill. 255; Sturgis v. Allis, 10 Wend. 354; Clark v. Pinney, 6 Cow. 299; Hiller v. Hiller, 12 Chicago Legal News, 444; Hayes v. Cassell, 70 Ill. 669.

Generally as applicable to the issues in this case: Taswell v. Stone, 4 Burr. 2494; Derisley v. Deland, 3 Barnes, 83; Sweetapple v. Goodfellow, 2 Str. 867; Dudley v. Stokes, 2 H. Bl. 1183; Throgmorton v. Church, 1 P. Wms. 684; Arch. Pr. 490.

Bailey, J.   This was an action of debt, brought by Amanda S. Cook against William H. King and others, upon an appeal bond given on an appeal to this court from the Circuit Court of Cook county. The bond declared on is in the penal sum of $1,200, and, after reciting the recovery in the court below by the plaintiff against King and Bradley, two of the obligors, of a judgment for $600 and costs, is conditioned for the prosecution of the appeal with effect, and the payment by King and Bradley of the amount of the judgment, costs, interest and damages, rendered and to be rendered against them in case said judgment should be affirmed. The declaration avers that the appeal was afterwards dismissed by this court for a failure

to file an authenticated copy of the record of said judgment, as required by law, and alleges as a breach the non-payment by King and Bradley of said judgment and the interest thereon, and damages and costs.

After various proceedings in the cause had been taken, the defendants, by leave of the court, filed, in defense of the entire action, except the debt and nominal damages, a plea *puis darrein continuance*, averring that after the then last proceeding in the cause, the record of said judgment had been brought to this court by writ of error, and that by reason of errors in said record, said judgment had been by this court reversed, annulled and set aside. A demurrer to this plea being overruled, the plaintiff elected to abide by her demurrer, whereupon, judgment was rendered in her favor for the debt and nominal damages.

It may be observed that there is no averment in the declaration that any damages were awarded by this court on dismissal of the appeal, and that the plea avers the payment by the defendants of the costs of the appeal, so that the only portion of the breach alleged in the declaration to which the subsequent reversal of the judgment is sought to be interposed as a defense, is the non-payment by King and Bradley of the judgment itself and interest thereon. The principal question to be considered is, whether it constitutes such defense.

We are referred to no case in this state or elsewhere, in which this precise question has been decided, and our conclusions must, therefore, be, to a great extent, matters of first impression, although considerable light may be derived from cases involving somewhat analogous principles.

The condition of the bond, so far as it applies to the particular matters in controversy, is, that King and Bradley would pay the amount of the judgment and interest, in case said judgment should be affirmed in this court. The plaintiff insists that this constitutes a covenant to pay the amount of the judgment and interest absolutely, upon the happening of the condition, viz: its affirmance by this court, and that the liability to make such payment was in no way affected by a subsequent reversal or abrogation of the judgment in another pro-

ceeding.   To sustain this view, it must be assumed that the legal effect of the condition is to create a new and independent liability from the obligors to the obligee to pay a fixed sum in the nature of liquidated damages for the delay occasioned by the appeal.   If this be its effect, then, manifestly, the liability of the obligors, after becoming once fixed, must be held to continue unaffected by any fate that may afterwards have befallen the judgment itself.   It would be a liability wholly independent of the judgment, and one which would remain until discharged by payment, even though the judgment itself should be satisfied.   We should be reluctant to hold that the law intended to visit upon an unsuccessful appellant and his sureties so serious a penalty for failing to make good his appeal.

The true view, we think, is that the appeal bond, at least so far as this condition is concerned, is to be regarded as a mere security for the payment of the judgment, and if such be its office, it follows, logically, that whatever discharges the judgment discharges also the liability of the obligors on the bond. This view seems to be supported by the authorities.

In Andrews v. Scotton, 2 Bland's Ch. 629, it was held that an appeal bond given upon an appeal from a decree directing the payment of the purchase money of certain lands, was a security that the order directing the purchase money to be paid would be complied with.

The First National Bank of Hastings v. Rogers, 13 Minn. 417, was a suit upon an appeal bond given on appeal to the Supreme Court, conditioned that the appellant would pay, etc. It appeared that before the appeal was taken, an execution was issued upon the judgment and levied upon personal property of the judgment debtor sufficient to satisfy the same.   The answers of the defendants averred the levy of the execution; that said levy was still in force and undisposed of, and that the judgment was thereby satisfied.   A motion to strike out the answers as sham and irrelevant having been denied, the case was taken to the Supreme Court by appeal.   It was there held that the levy was, *sub modo*, a satisfaction of the judgment, and that the effect of the appeal was not to supersede, but only to stay the levy, and that such satisfaction of the judgment

was a good defense by the sureties in an action upon the appeal bond. In the opinion the court say: "By the obligation the only liability of the sureties is upon the default of the principal. Whatever defense, therefore, Rogers (the principal) may set up as a bar, will be available also to the sureties, and unless the plaintiff has a right to demand of Rogers the payment of the judgment, there can be no liability on the bond. It would seem, then, that when the judgment is satisfied as between the plaintiff and Rogers, the condition of the bond is complied with; whether the satisfaction is by voluntary payment, or otherwise, we think it is not material, if it amounts to a legal satisfaction of the judgment as between the plaintiff and defendant in the judgment."

The case of Cass v. Adams, 3 Ohio, 223, was similar in its facts to the foregoing, except that the levy appeared to have been after the appeal was disposed of. The court, in holding that a plea setting up the levy presented a good defense to a suit upon the appeal bond, say: " The appeal bond is given expressly to secure the payment of the sum that may be recovered upon the appeal, and we incline to the opinion that whatever can be deemed a legal satisfaction of the judgment, is a bar to an action on the bond, although the money is not actually paid."

The same doctrine is recognized in Herrick v. Swartout, 72 Ill. 340. So in Ellis v. Fisher, 10 La. An. 479, it is held that a surety on an appeal bond can plead to a rule against him, that the judgment against his principal has been extinguished by compensation, by mere operation of law, based on the fact that the defendant had recovered a judgment against the plaintiff. See, also, Noble v. Thompson Oil Co. 69 Pa. St. 409.

We think the principle of the foregoing authorities may be fairly extended to a case like the present, where the judgment has been annulled, set aside and extinguished as a judgment by reversal in an appellate court. The condition of the bond is that the principal obligors shall pay the judgment. After that is annulled, there is no judgment to be paid, and it is no longer possible for the principal to be in default. The judgment is just as effectually wiped out of existence as it would

have been by payment.   So long, then, as the principals are not in default, the sureties cannot be held liable.

It is plain that any other rule might lead to consequences exceedingly unjust and oppressive.   The record in this case does not inform us of the grounds upon which the judgment was reversed, so that, so far as appears here, it may have been reversed because wholly devoid of justice or merit.   If such is the case, the plaintiff, merely because the defendants were so unfortunate as to have their appeal dismissed, will be able, through the instrumentality of her appeal bond to enforce the payment of an unjust claim, though bound to be defeated in her original suit.

This suit having been commenced before the judgment described in the bond was reversed, the plaintiff is entitled to recover at least nominal damages, and the reversal was properly set up merely by way of mitigation of damages.   The plea on its face is an answer to all except nominal damages, and the plaintiff in error having elected to abide by her demurrer to the plea, and the damages having been assessed upon the facts thus admitted, the court below decided correctly in assessing only nominal damages.   The judgment will accordingly be affirmed.

Judgment affirmed.