## HURD V. PEOPLE.

CONTEMPT OF COURT — REFUSAL OF RECEIVER TO EXECUTE A DECREE APPEALED FROM. — The taking and perfecting of an appeal under the act of 1885 (since repealed) by the filing of the bond required by section 23, page 354, from a decree dissolving a temporary injunction, and ordering the receiver to deliver over possession of the property involved to the persons entitled thereto under the decree, operated as a *supersedeas* and stay of process and proceedings as to every part of the decree. The trial court being thus ousted of all power to enforce it, the receiver was not in contempt for declining to execute it pending the appeal.

*Error to District Court of El Paso County.*

Mr. L. C. ROCKWELL, for plaintiff in error.

Attorney-General THEO. H. THOMAS and Attorney-General ALVIN MARSH, for the people.

REED, C. This was a proceeding before the Honorable William Harrison, judge of the district court of El Paso

county, against the plaintiff in error for an alleged contempt of court.

On November 2, 1885, plaintiff in error was appointed receiver in a certain proceeding in equity concerning mines and mining property in the county of Park, wherein George C. Bates and Mary Barker Bates were plaintiffs, and Alfred H. Wilson, Randall W. Wilson and the Woodmas of Alston Mining Company were defendants. By the order of appointment he was to have the sole and exclusive possession of a mining claim and of other property in controversy, work the property, and transact all the necessary business, which he did from the date that he qualified until the 26th day of June, 1886, when the litigation was ended in the court. At that time he had in his hands, as receiver, the proceeds of the mine, amounting to over $19,000. On the last-named date a decree was entered as follows:

"The temporary injunction heretofore issued is dissolved, and the receiver is ordered and required to surrender and return to defendants Alfred H. and Randall W. Wilson, or their authorized agent, full, quiet, peaceable and undisturbed possession of the premises mentioned in the pleadings, and also all books, maps, documents and other personal property in his possession as receiver; the possession of said mine to be yielded to Wilsons on the 8th day of July, 1886, at 12 o'clock high noon of that day; and on the same day that the receiver pay to defendants Wilsons, out of the moneys now in his hands, the sum of $16,000, the remainder to be left in his hands, amounting to some $3,400, to be kept as a fund for the payment of the expenses of said receivership; that the receiver report to this court on July 16, 1886, in what manner he shall have executed this order; that this cause shall stand continued for the purpose of retaining jurisdiction of the receiver, and for the purpose of hearing and acting upon his final report, and that in all other respects this cause shall stand dismissed."

On the 6th of July, two days before the date fixed in the decree for the surrender of the property and the payment of the money by the receiver, an appeal was perfected to this court, and bond filed in the sum of $16,000. Of the amount in his hands, the receiver paid over to the defendants $8,000, and, by the advice of counsel for plaintiffs, refused to pay over the other $8,000, and deliver the possession of the property to the defendants.

Upon the 2d day of September, 1886, plaintiff in error was cited before the honorable judge in chambers, in vacation, to answer to a charge of contempt for failing to pay over the remaining $8,000 in money, and deliver the possession of the property; was found guilty, and fined $100. He then sued out this writ of error to have the proceeding reviewed in this court.

The question presented to be determined is, Had the district court jurisdiction after the appeal was perfected? In the suit of *Bates v. Wilson et al.*, *ante*, page 140, in which plaintiff in error was appointed receiver, the question in controversy was whether plaintiffs were joint owners with the defendants in the property, the interest claimed by plaintiffs being one-half, and naturally or incidentally involved were the questions of right of possession and joint occupancy of the plaintiffs, and the right to share in the money in the hands of the receiver. By the decree it was ordered that the plaintiffs take nothing, and that the suit be dismissed, except that jurisdiction be retained for the receiver to perform the decree, and have his accounts passed. To perform the decree the receiver was to deliver complete possession, and pay over to defendants all moneys in his hands, save the sum thought necessary to pay the expenses of the receivership. The decree was entire, and from the decree the appeal was taken. The appeal in this case was taken under and controlled by the statute of 1885 (see Sess. Laws, p. 350, § 2), which statute has since been repealed. The decree, although, as above stated, entire, was dual

in character, but was all covered by the appeal; subdivision 2 of the section above cited being that an appeal will lie from "a final order made in any special proceedings affecting a substantial right therein, or made in a summary application in an action after judgment."

A wide distinction is made in proceedings where the supposed contempt is wilful and contumacious, or growing out of some matter incidental to or ancillary, as in cases of this kind, where the supposed contempt grew out of the refusal to obey an order which was, or reasonably might have been, considered by the receiver and his counsel as a process in the execution of the decree from which the appeal was taken.

If the appeal and the filing of the bond operated as a *supersedeas*, then it of necessity stayed all process and proceedings to carry into effect the decree from which the appeal was taken. That the taking of the appeal, filing of bond, as in this case conditioned, to cover the entire case from which an appeal will lie, operates as a *supersedeas*, cannot be successfully questioned. The conditions of the bond were such as were required to make the appeal a *supersedeas*, as required by statute. Sess. Laws 1885, § 23, p. 354. It also appears from the record that the bond was approved, and that the clerk issued the written order commanding the stay of proceedings, as required in the latter part of the section above cited. In this case the appeal bond was executed and filed for the express purpose, and immediately operated as a stay and *supersedeas*, under the statute. See *Daniels v. Miller*, 8 Colo. 542. Under the New York code, which is very similar to ours, in *How v. Searing*, 6 Bosw. 684, Woodruff, J., said: "By the express terms * * * of the code, the perfecting of an appeal * * * by giving the undertaking mentioned * * * shall stay all proceedings in the court below upon the judgment appealed from. If, therefore, this motion is a proceeding 'upon the judgment,' the motion is improperly and irregularly made; for as to all such proceedings the

plaintiff's hands are tied, and if an attachment and a commitment thereunder for disobeying the judgment appealed from, while the appeal is pending, are 'proceedings upon the judgment,' then the motion therefor cannot be granted, for not only the action of the plaintiff, but the action of the court therein, is stayed pending the appeal."

It also appears from the record that the appeal was perfected, the bond filed, and the *supersedeas* effective two days before the receiver was ordered by the decree to perform the acts the failure to perform which was punished as contempt. The practice in chancery, before the modification by statute, did not allow an appeal from an order granting or dissolving an injunction. *Hart v. Mayor*, 3 Paige, Ch. 380; *Graves v. Maguire*, 6 Paige, Ch. 379.

By our statute (Sess. Laws 1885, subd. 3, § 2, p. 350) an appeal will lie "when an order grants or refuses, continues or modifies, a provisional remedy, or grants, refuses, dissolves, or refuses to dissolve, an injunction." The decree being general,— an entirety,— the appeal lay from, and the stay by *supersedeas* reached, every part of the decree appealed from. In *Graves v. Maguire*, *supra*, it is said: "The effect of an appeal, after the proper steps have been taken to render it a stay of proceedings upon the order or decree appealed from, is to leave the proceedings in the same situation as they were at the time of perfecting such appeal." Such being the effect, the acts required of the receiver, to deliver the possession, pay over the money, etc., were acts in the process of the execution of the decree, and were forbidden by the *supersedeas* as incidental to the decree.

The district court, by the appeal, was ousted of all authority to enforce by itself, or its agent, the receiver, any branch or portion of the decree; and the decree, having been appealed from, was, until reviewed in this court, as inoperative as though it had never been entered,— the effect of the appeal being, as has been shown,

to maintain the *status* of affairs in exactly the same condition as they were at the time of perfecting the appeal.

The right and power of the district court to punish as for a contempt the disobedience of its officer for failing to enforce the decree, presupposes and involves the existence in the court of the right to enforce any and every part of the decree. The appeal was taken and the bond given to prevent the delivery of the possession and payment of the money, as much as to review the decision of the court in regard to the rights of the parties. Had the receiver delivered the money and the possession of the property, and this court had found the money to belong to plaintiffs, and had found them co-owners in the property, and entitled to joint possession, it might have been impossible to recover the money; and in property of this kind, where the value is only in the ores contained, the mine might have been depleted and the freehold destroyed; and the plaintiff would have been compelled to stand by without remedy, and see the whole subject-matter of the controversy destroyed, during the long time pending the appeal, and, if in the end successful, obtaining, at great expense, a barren victory. We are aware that proceedings for contempt are not considered proceedings in the action, but are special proceedings, as regulated by the code. The right to punish for contempt is inherent in every court, and necessary to a due administration of the law; but the court, by reason of the appeal and supersedeas, being without authority to enforce its decree, the receiver was not in contempt for declining to execute it.

The judgment of the district court should be reversed, and the proceeding dismissed.

RICHMOND and PATTISON, CC., concur.

PER CURIAM. For the reasons stated in the foregoing opinion the judgment is reversed, and the proceeding ordered dismissed.

*Reversed.*