[No. 5024.]
[No. 2575 C. A.]

## GILES ET AL. v. DE COW.

1. **Appeal Bonds—Liability of Sureties.**

   An appeal bond is but an additional security of the judgment appealed from, and where the judgment creditor cannot enforce his judgment against the principal of the bond he cannot maintain an action on the appeal bond. A suspension of the enforcement of the judgment suspends action on the appeal bond, and a final reversal or extinguishment of the judgment is a bar to an action on the bond.

2. **Same.**

   Where an appeal was taken from a judgment of the county court to the district court which was dismissed and a writ of error was sued out from the supreme court to the judgment of the county court which was made a supersedeas, action upon the appeal bond from the county to the district court was suspended pending the review of the judgment in the supreme court, and where said judgment was finally reversed action upon said appeal bond was barred and liability thereon was extinguished.

*Appeal from the County Court of Teller County: Hon. Albert S. Frost, Judge.*

Mr. B. W. COLEMAN, for appellants.

Mr. JUSTICE CAMPBELL delivered the opinion of the court.

Action on a statutory bond given on appeal to the district court from a judgment which appellee De Cow recovered against appellant Giles in the county court of Teller county. It is not clear that the complaint on its face shows any breach of the conditions of the bond under the statute regulating appeals from the county to the district courts. But as the trial court in overruling the affirmative defense of the answer committed reversible error, we shall not inquire as to the sufficiency of the complaint.

As alleged in defendant's affirmative defense, before this action on the bond was brought the defendant obligors sued out a writ of error from the supreme court to the county court of Teller county from the original judgment of the county court, which had previously been appealed to the district court by the giving of the bond here sued on, and this writ of error was made to operate as a supersedeas and was still pending. During the pendency of the writ of error in the supreme court the judgment creditor was not in a position to enforce the original judgment. He could not sue out a writ of execution or maintain an action thereon.—3 Cyc. 908 et seq.; *Hurd v. People*, 14 Colo. 207. Since the judgment creditor (the plaintiff obligee here) could not enforce that judgment against the principal obligor, this action on the bond cannot be enforced against him or his sureties thereon.—3 Cyc. 938 et seq.

In *Rockwell v. District Court*, 17 Colo. 118, this court says that an appeal bond under our practice has a twofold office: It serves to suspend the enforcement of the judgment pending the appeal, and gives the appellee additional security for his judgment in case the same be affirmed or the appeal dismissed. The appeal bond is in no sense a substitute for the judgment appealed from. While the enforcement of the judgment is suspended by the appeal, the bond is but a contingent security, and appellee can have no remedy upon it during the period of suspension. Of course all these observations are not literally applicable to the case before us, because the bond sued upon is not the one which, given in the writ of error, suspended the enforcement of the judgment; but the case is authority for the proposition that the appeal bond is merely a conditional and additional security for the payment to the appellee of his judgment, and

suspends its enforcement while the appeal is pending.

A case quite similar to the one at bar is *Cook v. King,* 7 Ill. App. 549. It was there held that an appeal bond is a mere security for the payment of the judgment, from which it logically follows that whatever discharges the judgment discharges also the liability of the obligors on the bond. The facts of that case which make it, in principle, the same as the case at bar, were that a judgment was appealed from the circuit court to the appellate court and afterwards dismissed, which dismissal of the appeal made the obligors on the bond liable for the payment of the judgment. In the suit upon that appeal bond one defense was that after the judgment appealed from had been dismissed the same had been brought for review to the appellate court by writ of error, and by reason of errors in the record the judgment was reversed. The court held that since the appeal bond was given to secure the payment of the sum that might be recovered on appeal, whatever can be deemed a legal satisfaction of that judgment is a bar to an action on the bond. Applying that principle to the facts of the case, it was held that, although the judgment whose enforcement had been suspended by giving the appeal bond was dismissed and the contingency had therefore happened which gave rise to the liability of the obligors, yet the subsequent reversal of the judgment on a writ of error extinguished all liability thereunder and the judgment itself was effectually wiped out of existence; hence the obligors were discharged.

In the case in hand the original judgment was not reversed at the time this action was tried below, but its enforcement was suspended by the order of the supreme court making the writ of error a supersedeas. The judgment was, as a matter of fact,

afterwards reversed with instructions to the county court to dismiss the action.—*Giles v. De Cow,* 30 Colo. 402. The trial court should at least have suspended proceedings until final determination of the writ of error in the supreme court. Had it done so judgment could not have been rendered on the appeal bond for the obligee, for the reversal of the judgment would have been equivalent to a decision that legal damage could not result to him by any breach of its conditions. In *Cook v. King, supra,* it was held that plaintiff was entitled to recover at least nominal damages because the action upon the appeal bond was begun before the judgment therein described was reversed; but here the action was not instituted until after the enforcement of such judgment was suspended by the supersedeas allowed in the writ of error. Our conclusion also finds support in *Parnell v. Hancock,* 48 Cal. 452; *Cass v. Adams,* 3 Ohio 545; *Bank v. Rogers,* 13 Minn. 407; *Ellis et al. v. Fisher et al.,* 10 La. Ann. 479.

The judgment in favor of the plaintiff must be reversed and the cause remanded with instructions to the county court to dismiss the action.

*Reversed.*

CHIEF JUSTICE GABBERT and Mr. JUSTICE STEELE concur.