## Thomas F. Anderson, Defendant in Error, v. Morris Zimroff and Harry Bluestein, Plaintiffs in Error.

### Gen. No. 26,162.

APPEAL AND ERROR—*when suit on appeal bond not maintainable.* Where an appeal was dismissed for failure to file the record within the time prescribed by statute, and thereafter a writ of error was sued out to review the original judgment and was made a *supersedeas*, suit could not be maintained on the appeal bond for nonpayment of the judgment, and where the affidavit of merits showed that the nominal damages which might be recovered, consisting of costs and damages on the appeal, had been paid, the affidavit should not have been stricken.

Error to the Municipal Court of Chicago; the Hon. CHARLES A. WILLIAMS, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1920. Reversed and remanded. Opinion filed October 4, 1921.

SALTIEL & ROSSEN, for plaintiffs in error; JAMES HARTNETT, of counsel.

SIDNEY N. WARE, for defendant in error.

MR. JUSTICE BARNES delivered the opinion of the court.

Defendant in error brought a suit against plaintiffs in error and obtained a judgment against them as sureties on an appeal bond. The appeal was taken to

this court and dismissed for failure to file the record within the time prescribed by statute. After the dismissal and before institution of this suit a writ of error was sued out in this court to review such judgment and was made a *supersedeas*. These facts were set up as a defense in defendants' affidavit of merits, together with the fact that defendants had paid the costs and damages accruing in this court on such appeal. The affidavits were stricken on plaintiff's motion upon the ground, as may be inferred from the record, that these facts did not constitute a legal defense.

The case of *Cook v. King*, 7 Ill. App. 549, was a suit on an appeal bond where it was pleaded and shown that after the appeal was dismissed and before judgment on the bond the original judgment had been brought up for review by a writ of error and reversed. It was held that so far as the usual condition to pay the judgment was concerned the appeal bond is regarded as a mere security, and that whatever discharges the judgment discharges the obligors on the bond. Analogous cases in other jurisdictions are there reviewed supporting the doctrine. By parity of reasoning we think the doctrine obtains where the enforcement of the judgment which represents the debt is suspended, pending its review, for should it be reversed, there would be no liability on the bond to pay it. Review by writ of error might become futile if the amount of the judgment under review may be collected from the sureties before the reviewing court can pass upon the case. Of course, after dismissal of the appeal, a suit on the bond may still lie for nominal damages. But in the case at bar the damages that could be so assessed were paid. So far, however, as the condition of the bond to pay the judgment is concerned, there could be no legal breach thereof, in our opinion, while enforcement of the judgment is sus-

pended for review by a higher court. The affidavits of merits presented a legal defense and should not have been stricken. The judgment will be reversed and the cause remanded.

*Reversed and remanded.*

GRIDLEY, P. J., and MORRILL, J., concur.