EZEKIEL WOOTERS

*v.*

JOHN D. KING, Administrator.

54  343
33a 597

54  343
36a 248

54  343
55a 462

54  343
61a 139
61a 333,

54  343
67a 314
68a 297.

54  343
88a 370

54  343
209  2 22.

1.  JURY *must decide questions of fact.*  In an action to recover the price of an article sold, in respect to which it is claimed there was a warranty and a breach thereof, if there be evidence on the subject of such defense, although contradictory, it is the right of the defendant to have the jury pass upon it, and it is error to refuse an instruction asked for that purpose.

2.  LIMITATIONS—*of a new promise.*  It is not essential, to give effect to a new promise to pay a debt, so as to save the bar of the statute of limitations, that it should be an express promise.  Any language of the debtor to the creditor, clearly admitting the debt to be due and unpaid, and showing an intention to pay it, will be considered an implied promise to pay, and will take the case out of the statute.

APPEAL from the Circuit Court of Marion county; the Hon. SILAS L. BRYAN, Judge, presiding.

This was an action of assumpsit, a trial of which, in the court below, resulted in a verdict and judgment for the plaintiff.  The defendant appeals.

Mr. B. B. SMITH, for the appellant.

Mr. H. K. S. O'MELVENY and Mr. JOHN M. LANSDEN, for the appellee.

Mr. CHIEF JUSTICE LAWRENCE delivered the opinion of the Court:

This was an action brought by John D. King, as administrator of the estate of James A. King, against Wooters, to recover the value of one-third of a threshing machine sold by James A. King to Wooters.  The defense was, that King had warranted the machine to be good, and that it was worthless,

and further, that the suit was barred by the statute of limitations. On the trial, the defendant asked the following instructions, which the court refused :

"The court instructs the jury, for defendant, that if you believe, from the evidence, that the account sued on was for a threshing machine, and that there was a contract of warranty by James A. King, deceased, to defendant, that the machine was good, and that the machine was worthless, you should find for the defendant.

"That if you believe, from the evidence, that the contract on which this suit was brought was made in 1860, and that suit has not been brought in five years from the making of said contract, and that said contract was not reduced to writing, then the plaintiff has no right to recover in this suit, unless there has been proven a new promise to pay the said debt, within five years from the commencement of this suit."

We see no reason why the first of these instructions should not have been given. None was given to supply its place, and it can not be said there was no evidence to which it would have been applicable. The testimony as to a warranty was contradictory, and it was the province of the jury to decide whether one was made. The evidence was such that the defendant had the right to have that question left to the jury.

The second of the foregoing instructions was properly refused, because the proviso was not sufficiently explicit. That, as it is drawn, requires a new promise of payment within five years in order to save the bar of the statute, whereas any language of the defendant to the plaintiff, or to James A. King, clearly admitting the debt to be due and unpaid, and showing an intention to pay it, would take the case out of the statute. Such language would be considered an implied promise.

For the refusal to give the first instruction, the judgment must be reversed.

*Judgment reversed.*