# REED & MANN

*v.*

# T. B. ELLIS & BRO.

1. CONTRACT—*construed, as to what was a performance.* Where the plaintiffs in an action of assumpsit, claiming property, had brought an action of trespass against A in respect to the same, which the defendants had purchased of A, and the plaintiffs and defendants entered into a written agreement that the former would prosecute no suit against the latter on account of the property so purchased, but should prosecute the suit then pending against A, and if successfully prosecuted, the defendants guaranteed to plaintiffs $700, and the pending suit against A was dismissed for want of a declaration, but a recovery was had upon a second suit for the same cause of action: *Held,* that the defendants were liable upon their guaranty, as the true intent of the parties was that defendants should pay if the plaintiffs made their title good, without reference to the identical suit then pending.

2. EVIDENCE—*parol testimony to identify subject matter of written contract.* Parol testimony is admissible to apply a written agreement to the subject matter to which it relates, as, to show that the property mentioned in a contract was the same as that for which a suit was prosecuted, when that is a material question.

APPEAL from the Circuit Court of Alexander county; the Hon. DAVID J. BAKER, Judge, presiding.

Mr. WILLIAM J. ALLEN, for the appellants.

Messrs. LINEGAR & LANSDEN, for the appellees

Mr. JUSTICE WALKER delivered the opinion of the Court:

This was an action of assumpsit, brought by appellees, in the Alexander circuit court, against appellants, on this instrument:

"It is hereby mutually stipulated and agreed between the firms of T. B. Ellis & Bro., of the one side, and Reed & Mann, of the other, that the firm of T. B. Ellis & Bro. will in no case prosecute any suit against Reed & Mann for the property lately purchased by them of Nelson Yocum, of Mound City, Ill., consisting of a lot of cast scrap, a plainer, lays, boring arbors, etc., nor any suit against said property for or on account of the same, but will prosecute their suit now pending in the circuit court of Pulaski county, Ill., against said Nelson Yocum, which suit involves title to the Goodlow Foundry property; and if said T. B. Ellis & Bro. prosecute said suit successfully, and maintain their title to said property, then said Reed & Mann hereby guarantee to said T. B. Ellis & Bro. the payment of the sum of $700. The mutual consideration of this stipulation being that Reed & Mann have the property purchased by them from Yocum freed from any annoyance, and the said T. B. Ellis & Bro. have a guarantee that, if they succeed in their said suit against said Yocum, they receive $700 from Reed & Mann, it being expressly understood that, in case said T. B. Ellis & Bro. do not succeed in their said suit against said Yocum, and maintain title to the said Goodlow Foundry property, then said Reed & Mann are released from this guaranty. This February 19, A. D. 1869."

This agreement was signed by the parties. The general issue was filed, and a trial had by the court without a jury, by consent of the parties, when the court found for and rendered a judgment in favor of appellees, and against appellants,

for $731.50, to reverse which this appeal is prosecuted and several errors are assigned on the record.

On the trial below, the court, notwithstanding the objections of appellants, permitted Thomas B. Ellis and D. T. Linegar to testify in the case. The former testified that the property mentioned in the agreement was the same as that for which the suit was being prosecuted against Yocum, and he brought no other suit. Linegar testified that he brought the suit to the November term, 1868, of the Pulaski circuit court, but it was dismissed for want of a declaration filed, which he supposed had been done, he being absent at the time, but that he brought another suit for the same cause of action, to the November term, 1869. The records of the Pulaski circuit court show the dismissal of the first suit, and a trial and recovery by appellees against Yocum for $685 in the latter suit.

It is urged that the court below erred in rendering judgment in this action when the suit named in the agreement had been dismissed, and a recovery had never been had therein, and until a recovery should be had in that particular suit they have not become liable under the agreement.

What was the true intent and meaning of the parties as expressed in this agreement? Manifestly, if appellees had no well founded claim to the property for a trespass to which appellees had sued Yocum, and which property he had sold to appellants, that they should not be liable to be sued for the property by appellees. On the other hand, if the title proved to be in appellees, and should be so decided in the suit then pending, appellants were to be liable for the sum of $700 for the property, but were not to be sued for the same. It probably did not occur to either of the parties that the suit then pending might be dismissed for want of prosecution, or for a non-compliance with some rule of practice. It is not presumed that the whole question of liability was intended to turn on the decision in that very suit, but rather in the decision of the cause of action for which the suit then pending

was brought.  They refer to the property and the dispute as to title, and then agree that, if the suit shall result against Yocum, they will guarantee the payment of a specified sum. Considering the whole context, we are not inclined to think that the parties referred to the summons and other process then pending in the court, but in reference to the claim of recovery or cause of action.  There was, then, no declaration filed, and the claim developed by the summons was of the most general character—only that the defendant should appear and answer a plea of trespass, nothing more being specified. We think that the commencement and prosecution of the second suit to judgment was a compliance with the stipulation that, if he should recover and establish his title to the property, then appellants became liable to pay the stipulated sum.

The objection, that the court erred in receiving parol evidence, is without force.  That evidence in nowise tended to alter, contradict or limit, or even explain the written agreement.  It only applied the agreement to the subject matter to which it related, and that is always admissible.  *Marshall* v. *Gridley*, 46 Ill. 247.

The land to which a deed of conveyance relates could not be applied to the deed without extrinsic evidence, and frequently not without the use of parol testimony.  A bill of sale for property is always applied to the articles sold, by extrinsic evidence, and generally by parol testimony, and such is the case in almost every written instrument, and in this case such was the effect only of the parol evidence.

Perceiving no error in the record, the judgment of the court below is affirmed.

*Judgment affirmed.*