ALVAH R. ST. JOHN

*v.*

WILLIAM STEPHENSON.

BANKRUPTCY—*new promise to remove discharge.* The promise by which a discharged debt of a bankrupt is revived, must be clear, distinct and unequivocal. It may be an absolute or a conditional promise, but in either case it must be unequivocal, and the occurrence of the condition must be averred if the promise be conditional.

APPEAL from the Circuit Court of Knox county; the Hon. ARTHUR A. SMITH, Judge, presiding.

Messrs. WILLIAMS, McKENZIE & CALKINS, for the appellant.

Mr. L. DOUGLASS, for the appellee.

Mr. JUSTICE SCHOLFIELD delivered the opinion of the Court:

Suit was brought by appellee against appellant on a promissory note, given by the latter to the former, on the 1st of November, 1864, for $880, with interest thereon at the rate of ten per cent per annum, payable on demand. Appellant

pleaded his discharge as a bankrupt, by order of the District Court of the United States for the Northern District of this State, on the 10th of June, 1868. Appellee replied a new promise to pay the debt, made subsequent to the discharge by the court in bankruptcy. Judgment was rendered for appellee for the amount due on the note, after deducting certain credits.

The rule is, as stated by Mr. Justice HUNT in *Allen & Co.* v. *Ferguson,* 18 Wallace, 1, "that the promise by which a discharged debt is revived must be clear, distinct and unequivocal. It may be an absolute or a conditional promise, but in either case it must be unequivocal, and the occurrence of the condition must be averred if the promise be conditional." So it has been held, the mere recognition or acknowledgment by a bankrupt of a debt which has been discharged by bankruptcy, does not create a legal obligation on him to pay the debt. The promise must be express. *Porter's Admr.* v. *Porter,* 31 Maine, 169; *Merriam* v. *Bailey,* 1 Cush. 77. And payment by the bankrupt of part of the principal of the original debt, does not revive the obligation of the remainder. *Merriam* v. *Bailey, supra; White* v. *Cushing,* 30 Maine, 267; *Stark* v. *Stinson,* 23 N. H. (3d Foster) 259. Nor does the payment of interest on the entire sum of the principal. *Com. Inst. for Savings* v. *Littlefield,* 6 Cush. 210.

It seems to us, notwithstanding the strictness of proof thus required, the jury were warranted in finding as they did.

Appellee positively swears that in February, 1872, appellant told him that he would pay him every dollar of the note by July of that year. On cross-examination he gives the circumstances and language used, thus: "It was sometime in February, 1872, that he promised to pay me in full; he came to my house and wanted the loan of a horse to go to Ontario; he said he had been up to old man Conkie's—had made the old man happy; says he, 'I paid him $70; I got there before he was up, and,' says he, 'I am going to settle some of these things that are hounding me;' and I just asked him if he had

ever heard me hounding about money; he said, 'no, you never did, but,' says he, 'I am going to pay you every dollar I owe you by the first of July.'" The evidence plainly shows that he owed him no debt but that embraced in the note in suit. It is difficult to conceive of a more clear, distinct and unequivocal promise than this.

Appellee is corroborated by Ezra Chapman, whom appellant's counsel concede to be a most excellent and worthy man. Chapman says: "I knew that Mr. Stephenson, through borrowing money from or using his brother-in-law's money with St. John, got into trouble in the operation, as he had to raise the money; Mr. St. John was at my house, and in our conversation I asked him what he was going to do with Stephenson, and if I recollect right he said he was going to pay him, or help him." Thinks this was in the fore part of 1870, though is not certain as to the year.

On cross-examination Chapman says: "He said, 'I am going to pay; yes, I am going to help him.'"

Samuel Chapman testifies, that appellant told him that he was going to make it all right with Stephenson.

Appellant denies that he ever made an absolute promise to pay the debt, and says that all he did was to promise to help him; that he was willing to help him, because of previous obligations, but that he always carefully refrained from making a promise to pay the debt, and never did make such promise.

The question of fact was fairly before the jury, and it would be invading their province to reverse the judgment merely because we might think, on close balancing of the probabilities, the preponderance is with the appellant. It is impossible to say that there is a clear and decided preponderance of the evidence that way.

The judgment is affirmed.

*Judgment affirmed.*