## THOMAS H. WHEELER

v.

## ELEANOR WHEELER, ADMINISTRATRIX.

*Administration—Note—Want of Consideration—Discharge in Bank-ruptcy—Subsequent Promise—When Made—Instructions.*

1.   In an action against an estate on a promissory note, the defense being want of consideration, because given to save something out of a bankrupt estate, and discharge in bankruptcy, it is *held:* That it was improper to instruct the jury that, to entitle the plaintiff to recover against the certificate of discharge, the burden of proof was upon him to show that his claim was fair and honest and that the promise to revive the note was made after the maker's discharge in bankruptcy; that, upon the production of the note with evidence of a subsequent promise by the maker after the filing of his petition, the burden of proof to show want of consideration was upon the defendant; and that the instruction in question was misleading in regard to whom the subsequent promise was made.

2.   A subsequent promise by a bankrupt to pay a note previously given by him is not required to be made after his discharge.  It is sufficient to revive the note if made after the petition in bankruptcy is filed.

3.   An instruction calling special attention to certain parts of the evidence is improper.

[Opinion filed December 8, 1888.]

APPEAL from the Circuit Court of Livingston County; the Hon. ALFRED SAMPLE, Judge, presiding.

Messrs. A. E. HARDING and STRAWN & PATTON, for appellant.

Mr. J. T. TERRY, for appellee.

A promise or acknowledgment to one not the creditor or his agent for that purpose, will not revive a debt barred by a discharge in bankruptcy.   Carroll v. Forsythe, 69 Ill. 127; Katz v. Messenger, 7 Ill. App. 536; Bloomfield v. Bloomfield, 7 Ill. App. 261; McGrew v. Forsythe, 80 Ill. 596; Wachter v. Albee, 80 Ill. 47.

LACEY, P. J.   This suit was based upon a note (or copy of it) given by O. B. Wheeler, deceased, in his lifetime, to appellant, for $2,000, dated April 1, 1878.   The defendant in the case is the administratrix of said decedent who died March 15, 1886, without having paid the note.   Within two years from the death of O. B. Wheeler, the appellant filed his claim, based on this note, against the estate.   On the trial in the County Court the claim was disallowed, and the case was appealed to the Circuit Court with like results.   The appellee interposed two defenses to the recovery on the note: 1st, that the note was originally given without consideration, in that it was given in contemplation of bankruptcy, and to save something out of the estate to the bankrupt; 2d, a discharge in bankruptcy. The appellant is the son of the deceased.

The appellant, in rebuttal to the claimed discharge in bankruptcy, sets up and insists on a subsequent promise made by deceased to appellant, to pay the note made after the deceased went into bankruptcy in the United States District Court of the Northern District of Illinois, in Chicago; that the promise was made in consideration that appellant would sign a petition consenting to a dismissal of the said bankruptcy proceedings. The appellant also contends that there was ample consideration in work and labor performed by him for his father after he became of age.   The discharge in bankruptcy of deceased bears date January 21, 1880, and the order of dismissal of the bankrupt proceedings was December 19, 1882.   The alleged promise to pay the note was made between those dates. There was no evidence to show that this discharge was ever set aside.   But A. E. Harding, attorney for appellant, filed his affidavit in behalf of appellant in support of his motion for a new trial, in which he shows that the record in the United States District Court showed that the certificate in bankruptcy had been set aside and annulled, and that on the trial he had the sole charge of procuring the testimony, and that in order to be ready for trial he sent to the clerk of said bankrupt court for a certified copy of all orders in the bankruptcy proceedings subsequent to the order adjudicating him a bankrupt, and that said clerk sent him a certified copy of the order dismissing

Wheeler v. Wheeler.

such proceedings, which affiant was advised was the final and only order in the cause subsequent to such adjudication, and affiant believed such to be the fact and did not know or learn to the contrary till on the trial of the cause, and had no knowledge of any discharge till the certificate was introduced in evidence and did not know that there had been an order setting aside such discharge until after the certificate had been offered in evidence, and then he learned for the first time of such fact, and that it had been set aside over a year before the proceedings were dismissed; that his client was wholly ignorant of all the steps that had been taken in the bankruptcy proceedings except the adjudication and final dismissal, and his proof of a claim against the bankrupt estate and the fact that he signed the consent to the dismissal, and learned on the trial for the first time, as affiant believed, of the discharge and the order setting it aside. The affiant further stated that on Monday following the trial, he called at the office of said bankruptcy court to obtain a certified copy of the order setting aside the discharge to use on the hearing of the motion for a new trial, and he was informed the clerk was sick and the party in charge too busy to attend to it, and he then made arrangements to have a certified copy of said vacation order sent to him at Pontiac, but up to the present time it had not come, and therefore prayed for a new trial on behalf of his client.

The appellant complains of the 5th, 6th and 7th instructions given on behalf of the appellee. The 5th, in substance, was to inform the jury that the discharge in bankruptcy was sufficient, *prima facie*, to discharge all the bankrupt's debts provable at the time the petition in bankruptcy was filed, and that appellant's claim was so provable. We see no error in the above instruction. It appears to announce a correct principle of law.

The 6th instruction we regard as erroneous and calculated to mislead the jury and to give undue prominence to certain evidence by calling special attention to it to the disparagement of all the other evidence, and especially the appellant's rebuttal evidence. It is as follows:

"6. You are instructed for the estate that in determining the real motive in giving of the note in question, whether to save to the deceased, Oscar B. Wheeler, something out of the bankrupt assets, or whether on the other hand he was honestly indebted to claimant, Thomas H. Wheeler, you are at liberty to consider (if proven) the amount of labor (if any) done by claimant Thomas for the deceased, Oscar B. Wheeler, in his lifetime, and after he attained the age of twenty-one years."

Such instructions have been so often condemned by this and the Supreme Court, and the law is so well settled, that it is not necessary to refer to authorities. The 7th instruction was also erroneous. It tells the jury that the discharge was *prima facie* evidence of a bar to appellant's claim, and that "to entitle him to recover against such certificate of discharge he must not only show his claim to be fair and honest under the rules of law laid down in the other instructions, but you must also believe from the evidence that after such discharge was granted, Oscar B. Wheeler promised the claimant, Thomas H. Wheeler, that he would pay the claim in question. A promise or acknowledgment to the witness Chubbuck or any other person than claimant himself, or his agent authorized to accept such promise, would not be sufficient."

In the first place the above instruction is erroneous in holding that in order to revive the debt after discharge appellant must show it to be fair and honest. That is, that appellant must take the burden of proof on himself to show that the original consideration of the note was good and valid besides showing the subsequent promise. This he was not bound to do. If he produced the note and showed by the evidence the subsequent promise, after the deceased had filed his petition in bankruptcy, that he would pay appellant the note, that was all he was required to do. The burden of proof would then be on appellee to show that the original note was without consideration the same as though there had been no bankruptcy. The discharge does not imply that there was no good consideration originally for the note. Such matter is not involved in any inquiry in the bankruptcy proceeding. The instruction was further erroneous in holding that the subsequent promise

to pay the note in order to have the effect to revive it, must have been made by the deceased after the discharge was granted.    It is sufficient if the promise is made after the petition in bankruptcy is filed.    Cheny v. Barge, 26 Ill. App. 182.

The 7th instruction is further erroneous and misleading in that the jury would be liable to understand that the court held that the promise of deceased made in presence of appellant and Chubbuck was made to Chubbuck alone and not to the appellant, and that all the testimony given in by Chubbuck related only to a promise made to the latter by deceased to pay the note when he was not the agent to receive such a promise.    It will be seen from the evidence that Chubbuck does not testify the promise was made to him.    Appellant, the deceased, and Chubbuck, were together, all attending to the drawing up of the petition to have the bankruptcy proceedings dismissed.    It was the conversation had in the presence of all concerning the payment of the note in suit to appellant that Chubbuck was testifying to, and not any promise made to Chubbuck.    He says: "Tom said he was willing to wait for his father to pay it.    O. B. Wheeler said as soon as he could get the money he would pay it."    This was not a promise made to Chubbuck but to appellant in his presence. In this assumption the instruction was unfair and mischievous. The instruction may have referred to conversation held between Chubbuck and O. B. Wheeler subsequently, and out of the presence of appellant, but it does not distinguish; and besides, this evidence does not appear to refer to any promise to Chubbuck but to admissions made by O. B. Wheeler to Chubbuck.    Chubbuck was not claiming that any promise was made to him, and the evidence could have no other force excepting corroboration of other promises and admissions.    Pope gave similar evidence, but this could not be construed into a promise to Pope by O. B. Wheeler; whatever force the evidence had was, as said, corroborative.    We find no fault with appellee's 11th instruction.    There being sufficient error in the record already noted to reverse the judgment it will not be necessary to pass upon the sufficiency of the affidavits for the purpose

aimed at, read on motion for a new trial.   If the order grant-
ing a discharge or the discharge itself was annulled, appellant
will have an opportunity to produce it on another trial.

There was strong evidence tending to show that there
was a valuable consideration originally for the note, and if it
turns out that there was no discharge in bankruptcy in force,
then the only issue will be on the original consideration of the
note.   The judgment is therefore reversed and the cause
remanded.

*Reversed and remanded.*