## F. S. Mordaunt v. William F. Monroe.

### Gen. No. 12,245.

1. DISCHARGE IN BANKRUPTCY—*what will remove bar of.* The bar of a discharge in bankruptcy is analogous to the bar of the Statute of Limitations; a promise which will remove the latter will remove the former and any statement of the debtor clearly admitting the debt to be due, and showing an intention to pay it, is sufficient to renew the obligation.

Action commenced before justice of the peace. Appeal from the Circuit Court of Cook County; the Hon. JULIAN W. MACK, Judge, presiding. Heard in this court at the March term, 1905. Affirmed. Opinion filed January 18, 1906.

STEELE & THOMPSON, for appellant.

EDWARD J. QUEENY, for appellee.

MR. PRESIDING JUSTICE ADAMS delivered the opinion of the court.

This is an appeal from a judgment of the Circuit Court, in favor of appellee and against appellant, for the sum of $75, rendered on appeal from a judgment of a justice of the peace. The facts are that appellee held two notes made by appellant, the aggregate of the principal sums due by both being $150, which, not being paid at maturity, appellee recovered judgment before a justice of the peace for the principal of the notes and interest, amounting to $183.50 and costs, about February 28, 1898. Appellant obtained a discharge in bankruptcy November 10, 1902, the indebtedness evidenced by the judgment being included in his schedule.

Appellee claims that about June, 1904, appellant offered to pay to appellee $75 in settlement of the indebtedness, and that he accepted the offer. The case was tried by the court,

without a jury, and the court found for appellee and assessed his damages at the sum of $75, for which, and costs, judgment was rendered.

Appellant's counsel argue only two questions, namely: Was there a promise to pay? If there was a promise, was it a sufficient one? Mr. Queeny, appellee's attorney, testified, in substance, that, in the spring of 1904, he called on appellant and demanded payment in behalf of his client, and that appellant said he had gone through bankruptcy, and that the only debt he intended to settle was the one he owed to appellee, and told witness to call again, which witness did a number of times, but failed to meet appellant; but finally succeeded in making an appointment with him, when appellant offered to pay $75; that witness said he would see his client and communicate the offer to him, and appellant said, "All right. If he does take it, you come back here, and leave word, if I am busy"; that witness saw appellee and appellee accepted the offer, when witness returned to appellant's office, and saw a young lady there, who went into appellant's room, and returned with the following note, which she delivered to witness:

"Mr. Monroe:

You see Mr. Percival Steele, attorney, 159 LaSalle St., who will arrange with you for me. I have not the money, but am endeavoring to have him buy the claim. He will act for me.

Yours,
MORDAUNT."

Appellant admits writing this letter, but attempts to explain it away. He testified, in substance, that the girl who was at his office called him, and said to him that Mr. Monroe said he would take $75, and that he gave the note above quoted, relying on Steele "to know" whether the debt was scheduled in bankruptcy, and that he never promised to pay $75. The following occurred in his cross-examination:

Q. "Did you ever promise you would pay $75 ?"

A. "No. If not scheduled in bankruptcy, I would have Mr. Steele make a settlement on that basis."

Q. "If not scheduled in bankruptcy, you would give $75 ?"

A. "Yes, sir."

Now in his note he says: "I have not the money, but am endeavoring to have him buy the claim," and says nothing in respect to whether the claim was or not scheduled. He says in positive terms, referring to Steele, "who will arrange with you for me."

It is evident from the following in his cross-examination, that, in his conversation with the witness Queeny, the promise testified to by Queeny was not conditioned on the debt not being scheduled:

Q. "Why didn't you say in the earlier interviews, you would not settle if it was scheduled in bankruptcy?"

A. "I didn't know it was in bankruptcy."

Q. "Why didn't you say so, instead of leading me to believe you would pay?"

A. "I had no idea you would come around if it was scheduled. I thought it would be in the schedule. That was my impression of bankruptcy."

The bar of a discharge in bankruptcy is analogous to the bar of the Statute of Limitations, and a promise which will remove the bar of the latter will also remove the bar of the former (Bush v. Stanley, 122 Ill., 406, 416); and any statement of the debtor clearly admitting the debt to be due, and showing an intention to pay it, is sufficient to renew the debt. Wooters v. King, 54 Ill., 343; Schmidt v. Pfau, 114 ib., 494, 504.

The bar of the discharge in bankruptcy is removed by a new promise, and the debt is revived on the original consideration. Bush v. Stanley, *supra.*

Our conclusions are that the trial court was warranted by the evidence in finding that there was a promise, as claimed by appellee, and that the promise was sufficient. Therefore, the judgment will be affirmed.

*Affirmed.*