## Ida Oberreich, Appellee, v. Frank Foster et al., Appellants.

### Gen. No. 14,766.

1. BOND—*what does not preclude recovery on, given on appeal.*
A permanent stay of execution of the judgment upon the appeal
from which the bond was given, does not defeat liability upon such
bond; nominal damages, notwithstanding such a stay, may be
recovered.

2. PLEADING—*when non est factum should be verified.* A plea of
*non est factum* does not put in issue the execution of a bond unless
it is sworn to.

3. PLEADING—*when nul tiel record obnoxious to special demurrer.*
A plea of *nul tiel* record which concludes to the country is ob-
noxious to special demurrer.

4. ESTOPPEL—*to deny judgment on affirmance.* In an action on
an appeal bond the obligors are estopped from denying the judgment
from which the appeal was taken and the affirmance of such judg-
ment.

5. APPEALS AND ERRORS—*what will not reverse.* An error which
does not injuriously affect the party cannot be availed of to obtain
a reversal.

6. SURETYSHIP—*effect of principal's discharge in bankruptcy.*
The obligation of a surety upon an appeal bond is not affected by
the principal's discharge in bankruptcy.

7. BANKRUPTCY—*what discharge does not affect.* A discharge in
bankruptcy obtained subsequent to the execution of an appeal bond
does not affect its validity so long as the adjudication in bankruptcy
was prior to its execution.

8. EVIDENCE—*how proof of payment of clerk's costs may be made.*
Parol evidence is competent to show the payment of clerk's fees
upon the institution of an action.

Action of debt. Appeal from the Municipal Court of Chicago; the
Hon. HARRY OLSON, Judge, presiding. Heard in the Branch Appellate
Court at the October term, 1908. Affirmed on *remittitur.* Opinion
filed January 18, 1910.

POYNTON & POYNTON and LYMAN M. PAINE, for ap-
pellants.

JAMES G. ELSDON, CYRUS HEREN and N. A. STERN, for
appellee; A. C. ALLEN, of counsel.

MR. PRESIDING JUSTICE CHYTRAUS delivered the opin-
ion of the court.

A peremptory instruction in the court below in favor

of Ida Oberreich, plaintiff, required the jury to return a verdict for $3,000 debt, damages $2,488.86. A judgment was accordingly rendered against the defendants which required the debt to be discharged upon the payment of the damages. The defendants are questioning the correctness of that judgment by this appeal. The suit was brought upon a supersedeas bond. Plaintiff had recovered a judgment against defendant Foster, in the Circuit Court of Cook county, on February 23, 1905. To review that judgment he sued out of this court a writ of error. In order that the collection of the judgment should abide the result of the proceeding in error he procured a supersedeas. A surety for the payment of the judgment, should it be affirmed, being required, defendant Rozynek executed the bond now in suit, with Foster, as such surety, on January 5, 1906. The condition of the bond is that: "If the said Frank Foster shall duly prosecute his said writ of error with effect and, moreover, pay the amount of the judgment, costs, interest and damages rendered and to be rendered against him, in case the said judgment shall be affirmed in said Appellate Court, then the above obligation to be void, otherwise to remain in full force and virtue." The judgment was affirmed on December 13, 1906, and Foster not having paid it hence this suit.

Defendants first contend the suit was prematurely brought. This issue was raised by defendants pleading in abatement that, on February 11, 1908, before the commencement of this suit, the Circuit Court of Cook county had entered an order staying the execution upon the judgment rendered in that court until the disposition by this court of a pending appeal, taken by Foster, from an order, entered by the Circuit Court on the last mentioned date, denying a perpetual stay of execution of that judgment. The learned trial judge sustained a demurrer to that plea. We think that ruling correct. The mere reading of the condition of the supersedeas bond is sufficient to show that a cause of action accrued in favor of plaintiff on December 13,

1906, when the judgment of the Circuit Court was affirmed. Even though execution upon the judgment had been permanently stayed, yet plaintiff would have had a cause of action and would have had a right to recover judgment for nominal damages and costs of suit. In such a case as this the permanent staying of execution would, upon proper pleadings, at most, only go to the amount of damages that might be recovered. The staying of execution could not affect the cause of action previously accrued. This holding is not inconsistent with the principle announced in Cook v. King, 7 Ill. App. 549, that an appeal or supersedeas bond is to be regarded as merely security for the payment of the judgment and that whatever discharges or satisfies the judgment discharges, also, the liability of the obligors on the bond.

Defendants, after the overruling of their plea in abatement, pleaded specially: (1) *non est factum*, (2) *nul tiel* record in respect to the affirmance, (3) that the bond was given without any good or valuable consideration, (4) that obligors received no consideration for the bond, (5) performance, (6) discharge of Foster in bankruptcy on January 30, 1906, after execution and delivery of the bond, from all provable debts and liabilities, including liability upon this judgment, (7) existence of debt, upon which the judgment in question was obtained, on November 29, 1904, when Foster was adjudicated a bankrupt, and discharge of Foster thereafter, on January 30, 1906, by the bankruptcy court, from all debts and liabilities existing at the time of such adjudication including the debt now in question, which was not a liability excluded from the operation of such discharge, (8) personal defense, by Foster, of having been adjudicated a bankrupt on November 29, 1904, and of his discharge as such on January 30, 1906, after the execution and delivery of the writing obligatory sued on, from all his provable debts and liabilities existing when he was adjudicated a bankrupt not excepted by law from discharge; that the liability subsequently converted into the judgment in question

existed at the time of said adjudication and was a provable debt not excepted by law from the operation of his discharge.

Issue was joined upon the first and fifth pleas. The first plea not being sworn to the execution of the bond was not put in issue. Herrick v. Swartwout, 72 Ill. 340, 342. The bond was introduced in evidence which was all that was necessary to overcome this plea so long as it was not specifically verified. Defendants abandoned the fifth plea by introducing no evidence to sustain it.

General demurrers were interposed to the second, third, fourth, sixth, seventh and eighth pleas and sustained. The second plea—*nul tiel* record—tendered issue upon the existence or effect of a record and concluded to the country. Such issues are not properly triable by a jury and in that respect the plea was obnoxious to a special demurrer but no such demurrer was interposed. The declaration alleged that the judgment of the Circuit Court appealed from, and which was recited in the appeal bond, had been affirmed by this court. While the defendants were estopped by their bond from controverting the existence and validity of the judgment recited in that bond, they were not estopped by their bond from controverting the rendition or validity of a judgment alleged by the declaration to have been rendered subsequent to the execution of the appeal bond. Defendants were not estopped by their bond from raising the issue they did raise by their second plea. The plea raised an issue upon a sufficient defense and it was error to sustain the general demurrer thereto. The attorneys for plaintiff greatly misconceive Mix v. People, 86 Ill. 329; McCarthy v. Chimney Construction Co., 219 Ill. 616; Arnoot v. Friel, 50 Ill. 174, and other cases they cite in argument if it is supposed that, in this respect, these cases go farther than to hold that the recitals of the bond estop a denial of the judgment appealed from and that these recitals are conclusive merely as to the judgment mentioned in the bond. However; the error is,

in this particular instance, immaterial and worked no injury to the defendants, for the case was tried as if issue had been joined upon the second plea. A properly certified copy of the judgment of affirmance by this court was introduced in evidence and appears in the record. "Nothing is better settled than that one is not permitted, in a court of review, to take advantage of an error that does not injuriously affect him." Flack v. Moore, 117 Ill. App. 551.

No question has been raised and argued in this court in regard to the correctness of the ruling of the trial court sustaining the demurrers to the third and fourth pleas. The failure in this respect would be a waiver of any such question if any there were.

The sixth and seventh pleas are pleas of discharge in bankruptcy of Foster. They are in many respects insufficient and the general demurrers thereto were properly sustained. Bankruptcy is a personal defense. The pleas were pleaded jointly by Foster and Rozynek. Under no circumstances could Rozynek, a surety, be relieved of his obligation merely by the bankruptcy of Foster, the principal. The bankruptcy act, section 16, provides: "The liability of a person who is a codebtor with, or guarantor or in any manner a surety for, a bankrupt, shall not be altered by the discharge of such bankrupt."

Furthermore, upon the facts presented by these two pleas neither Foster nor Rozynek is shown to be released from liability upon the appeal bond. True, it was held in Boynton v. Ball, 121 U. S. 457, that, while the character of a debt is changed by being converted into a judgment, yet the identity of the debt is not changed thereby but the debt remains the same although merged in a judgment. We readily accord our assent to that principle of law; but defendants are in nowise aided thereby. The pleas, viewed most favorably for defendants, show that Foster was adjudicated a bankrupt November 29, 1904, and was discharged January 30, 1906; that the debt in question, upon which the judgment appealed from was rendered, existed

when he was adjudicated a bankrupt; that by the discharge he was discharged from all his provable debts and liabilities existing when he was adjudicated a bankrupt, including the debt in question, not then yet reduced to a judgment; and, that the debt in question was not a liability excluded from the operation of such discharge. These facts do not present a defense to the appeal bond. The bond was executed January 5, 1906, and contains a promise both by Foster and Rozynek, made in the most solemn form, to pay the penalty of the bond conditioned only as the bond shows. This is a promise made by Foster after he was adjudicated a bankrupt. The fact that the discharge in bankruptcy was obtained subsequent to the execution of the bond containing this promise does not affect the validity of the promise so long as the adjudication in bankruptcy was prior to such execution. Stern v. Smith, 225 Ill. 430; Wheeler v. Wheeler, 28 Ill. App. 385. What we have just said demonstrates that the trial judge was correct in sustaining the demurrer to the eighth plea as well as to the sixth and seventh pleas.

It is contended the court erred in permitting the introduction of parol evidence to prove the payment of the clerk's costs of $10 and the sheriff's fees. Parol proof of the payment of these fees was perfectly proper. But, it is argued, this parol evidence was, in reality, introduced not so much for the purpose of showing what the costs were as taxed by the clerk and that they were paid, but as well to show what the clerk ought to have taxed in that suit. In Cook county the clerk's costs are fixed at $10, by statute, to be paid by plaintiff in advance in all cases of the kind in question and no taxing of the clerk's costs is here necessary in order to show what costs ought to have been taxed. The sheriff's fees appear from the sheriff's return. We find no merit in the contention.

It appears, however, that in figuring the interest upon the Circuit Court judgment an error was made of $13.01, against defendants. The judgment will be

affirmed upon plaintiff's remitting the last mentioned amount within ten days.

*Affirmed on remittitur.*

January 20, 1910, *remittitur* filed and judgment affirmed for $2,475.85.