Elmer Swanson, Appellee, v. G. Willrett, Appellant.

Gen. No. 8,064.

Opinion filed August 12, 1929.

John A. Dowdall and Julius E. Matteson, for appellant; Thomas M. Cliffe, of counsel.

H. W. Prentice and A. G. Kennedy, for appellee.

Mr. Justice Jett delivered the opinion of the court.

This suit was originally brought before a justice of the peace, and judgment was entered in favor of Elmer Swanson, the plaintiff, and against G. Willrett, the defendant, by default for $300.

An appeal was taken to the circuit court where a jury was waived, and a trial had before the court. A judgment for $293.11, was entered against the defendant. The defendant appellant here, prosecutes this appeal. The plaintiff, Elmer Swanson, appellee here, was engaged in the livery and feed business in the City

of De Kalb during the years of 1917–1920, inclusive. The defendant is a farmer and bought horses for shipment for a number of years prior to March 1, 1919. The claim of the plaintiff is evidenced by a book account which contains charges by the plaintiff against the defendant. Many of the charges shown on the account were made more than 5 years prior to the beginning of the suit. The chief question involved is, whether or not the statute was tolled so as to remove the bar against the action.

There were two outstanding contentions in the trial of the case: the first being a claim of the defendant that he had no business relations with the plaintiff subsequent to March 1, 1919; the second, that the statute of limitations had run as to all of plaintiff's accounts up to and including the first sixteen charges of the plaintiff against the defendant, which amounted to $219.40.

The plaintiff sought to avoid the bar of the statute of limitations by reason of an alleged conversation he had with the defendant, in which the defendant used certain language that amounted to a promise to pay. The defendant denies that he had the alleged conversation with the plaintiff. The defendant insists that the plaintiff failed to prove the conversation by the weight of the testimony, and even though the language was used as claimed by the plaintiff, it is not sufficient to remove the bar of the statute of limitations. The conversation relied upon by the plaintiff to toll the running of the statute was had as claimed by plaintiff in the spring of 1922 or 1923, at the hotel in De Kalb, Illinois, and is contained in the following sentence: "He said he would be down and see me that night, that is all he said, 'I will be down to see you this evening and take care of it this evening.' " On cross-examination, plaintiff was asked to state the conversation, and he endeavored to do so, but made no mention of de-

fendant's having said that he would, "take care of it." The language used, and here relied upon by the plaintiff to support his contention of a new promise, is very meager. The promise to pay the debt, in order to avoid the bar of the statute, must rise out of such facts as identify the debt with such certainty as will clearly determine its character. *Waldron v. Alexander,* 136 Ill. 550–551.

An unqualified promise to pay the debt has by all of the decisions been held sufficient to take the case out of the statute. *Mellick v. DeSeelhorst,* Breese 221.

The promise to pay must be absolute and unqualified and is not to be ascertained by implication or presumption beyond the express consideration of the promise. *Kimmel v. Schwartz,* Breese 278.

In *Keener v. Crull,* 19 Ill. 189, a witness testified that a testator, whose estate was sought to be charged, said that he had agreed to give his daughter, one of the plaintiffs, $200 per year for her work and he had not paid her yet, and that she had gone to Ohio. On this language the court said: "The amount of the debt was not named or in any manner indicated, nor was there any language unequivocally importing a present intention or undertaking to pay."

On the hearing of the case at bar there was no attempt to testify by the plaintiff to the amount of the debt and no effort to prove any statement by the plaintiff to the defendant at the time of the alleged promise that it was due and unpaid. In *Keener v. Crull, supra,* the court further said: "The new promise may arise out of facts such as identify the debt, the subject of the promise, with such certainty as will clearly determine its character, fix the amount due, and show a present unqualified willingness and intention to pay it, at the time acted upon and acceded to by the creditor, the promisee."

In *Carroll v. Forsyth,* 69 Ill. 127, the court uses this language: "To remove the bar of the statute of limitations, it is incumbent on the plaintiff to prove an express promise to pay the money, or a conditional promise with a performance of the condition, or an unqualified admission that the debt is due and unpaid, nothing being said or done at the time rebutting the presumption of a promise to pay; it must be of such a character as to clearly show a recognition of the debt and an intention to pay it."

In *Wachter v. Albee,* 80 Ill. 47, at page 51, the court said: "When, however, a party permits a debt to run, making no effort to collect it until the statute of limitation can be pleaded in bar of the action, he is in no position to call upon the court to aid him upon slight proof; on the contrary, the evidence ought to be clear and satisfactory to overcome the bar of the statute." We have examined the authorities relied upon by the plaintiff and a number of other cases and we are of the opinion that the evidence offered on the part of the plaintiff falls short of coming up to the standard as required by the rule.

We believe that the proof of the new promise is too indefinite and uncertain to raise a bar of the statute of limitations. We know of no case where a court of review has ever held that such language as appears in this record was sufficient to constitute a new promise. We are therefore of the opinion that the judgment of the circuit court of De Kalb county should be reversed and the cause remanded.

*Reversed and remanded.*