CORNELIUS P. VAN SCHAACK, JR., Plaintiff-Appellant, *v.* RICHARD P. MOODY, Defendant-Appellee.

(No. 54577; )

First District—December 2, 1971.

Daniel Andrew Gallagher, of Chicago, for appellant.

Kevin M. Forde, of Chicago, for appellee.

Mr. PRESIDING JUSTICE McNAMARA delivered the opinion of the court:

This action was brought by plaintiff to recover on two promissory notes executed by defendant. Prior to trial, both sides moved for judgment on the pleadings. Defendant's motion for judgment was allowed, and the cause of action was dismissed. This appeal follows.

Plaintiff brought suit to recover on two notes; the first dated December 3, 1948, in the amount of $5000, and the second dated January 11, 1949, in the amount of $7500. Both notes were made payable to William C. Steffy. Steffy, now deceased, was the father-in-law of both plaintiff and defendant. The notes were endorsed by Steffy and came into the possession of plaintiff in 1952. Attached to plaintiff's amended complaint was a signed memorandum which stated as follows:

March 3, 1962

I, Richard P. Moody, promise to pay $100 cash to Lorena C. Steffy March 3, 1962 and $100 the first of each and every month thereafter with interest at 1% on loans and notes I owe to Wm. C. Steffy and Lorena C. Steffy.

[Signed]
Richard P. Moody

Defendant's answer to the complaint stated that he had been discharged in bankruptcy in 1960, and that the above notes of 1948 and 1949 were listed and scheduled as a liability against him. He further claimed that his liability on the notes was terminated by his discharge in bankruptcy. Defendant also admitted that he executed the 1962 memorandum, but stated that the memo referred to notes he executed in 1960 and 1961 which were payable to William and Lorena Steffy.

The court denied plaintiff's motion for summary judgment. Subsequently both sides moved for judgment on the pleadings. The trial court specifically found that the sole issue in the cause was legal; whether the 1962 memorandum revived the obligations of the notes dated December 3, 1948, and January 11, 1949. The judge concluded that the memorandum was "lacking in the specificity required to revive the obligations sued upon," and allowed defendant's motion for judgment. Plaintiff appeals, contending primarily that the court erred in holding that the 1962 memorandum did not revive defendant's liability on the earlier notes. He also argues that the court erred in entering judgment on the pleadings.

■■ While there is no magic in any form of words used in a new promise, they must so define the indebtedness that the new promise identifies the debt in question in a "clear, distinct, and unequivocal" manner; (*Allen & Co. v. Ferguson*, 85 U.S. 1; *St. John v. Stephenson*, 90 Ill. 82; Remington on Bankruptcy, (Henderson 1955 ¶ 3291) ) without resort to extrinsic evidence. (*Bush v. Stanley*, 122 Ill. 406, 13 N.E. 249; *Swanson v. Willrett*, 254 Ill.App. 92.) For the statement to be unequivocal, it must sufficiently identify the debt discharged in bankruptcy. Collier on Bankruptcy, Vol. 1A ¶ 17.34, p. 1756; *Abdill v. Abdill*, 292 Ill. 231, 126 N.E. 543.

■■ In the case at bar, the words used in the alleged revival promise could as reasonably be construed to refer to the debts incurred after the discharge in bankruptcy as to those urged by the plaintiff in this case. Where such a construction of the words is possible the words cannot be characterized as unequivocal. Where the promise is not unequivocal it cannot effect a revival of a debt discharged in bankruptcy.

Cases cited by plaintiff in support of his position are distinguishable from the instant case. In *Mordaunt v. Monroe*, 124 Ill.App. 306 and

*Wooters v. King,* 54 Ill. 343, the issue presented was the sufficiency of the new promise to pay the debt, while here the issue is the sufficiency of the identification of the debt. In *Schmidt v. Pfau,* 114 Ill. 494, 2 N.E. 522, the court determined the admissibility of evidence and the propriety of a jury instruction concerning the statute of limitations. The existence of the debt had been acknowledged.

Plaintiff also argues that the trial court erred in granting defendant's motion for judgment on the pleadings. He contends that the court's prior denial of his motion for summary judgment directs this court to the inescapable conclusion that a genuine issue of material fact existed between the parties.

■■■ The mere denial of a motion for summary judgment is not sufficient of itself to create a triable issue on a case. Summary judgment may be denied if a party's pleadings are insufficient as a matter of law to support a judgment in favor of the movant. (*People v. County of Jefferson,* 87 Ill.App.2d 145, 230 N.E.2d 480; *Gliwa v. Washington Polish Loan & Bldg. Ass'n,* 310 Ill.App. 465, 34 N.E.2d 736.) In the instant case, the court denied plaintiff's motion for summary judgment not because of the existence of a genuine issue of material fact but because of the insufficiency of the complaint to revive the debt discharged in bankruptcy. We believe that the trial court correctly concluded that the sole issue between the parties was legal. Since as a matter of law the new promise was insufficient to revive the debt discharged in bankruptcy, the trial court properly entered judgment on the pleadings in favor of defendant.

Judgment affirmed.

DEMPSEY and McGLOON, JJ., concur.